**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS ROSSETER,

    Plaintiff,

    v.

INDUSTRIAL LIGHT & MAGIC, a division of LUCASFILM ENTERTAINMENT COMPANY, LTD., a California corporation, and DOES 1 through 20, inclusive,

    Defendants.

No. C 08-04545 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

## INTRODUCTION

In this civil action for age discrimination under the California Fair Employment and Housing Act and Age Discrimination and Employment Act, defendant Industrial Light & Magic moves for dismissal under FRCP 12(b)(6) or, in the alternative, for summary judgment. This order **GRANTS** defendant's motion for summary judgment of plaintiff's FEHA claim as the Court agrees there is no genuine issue of material fact that all pertinent events took place on a federal enclave. This order **DISMISSES** the ADEA claim with leave to move to amend.

## STATEMENT

Plaintiff Thomas Rosseter filed a complaint for damages under FEHA and ADEA. Defendant then filed a motion to dismiss or, in the alternative, for summary judgment, which has been fully briefed and heard.

According to the complaint, plaintiff began employment with defendant in 1979 and performed work in both Marin County and the Presidio in San Francisco while employed by defendant (Compl. ¶¶ 4–5). At age 57, plaintiff was terminated from employment in August 2008 (Compl. ¶¶ 5,13). To that point, he had performed his job in a satisfactory manner (Compl. ¶ 7). When defendant terminated plaintiff for a "lack of work," substantially younger and less senior compositors received work and continued their employment relationship with defendant (Compl. ¶¶ 11–12). This is alleged to be age discrimination (Compl. ¶¶ 11–13). On May 1, 2007, plaintiff filed a claim of age discrimination against defendant with the Equal Employment Opportunity Commission (Compl. ¶ 16).

For purposes of the summary judgment motion, the parties agree on the following pertinent facts. In 1979, plaintiff began work for defendant, a private company, and was terminated from employment in August 2008 (Rosseter Decl. ¶ 2, Br. 2). After September 2005, plaintiff worked solely at defendant's Presidio location but was contractually obligated to work in other locations throughout the United States upon defendant's request (Rosseter Decl. ¶ 2; Reply Br. 1). All alleged acts of discrimination took place between mid-May 2006 and August 2008 (Rosseter Decl. ¶¶ 8–13; Reply Br. 1). Judicial notice is taken that the Presidio is a federal enclave.

**ANALYSIS**

**1. MOTION FOR SUMMARY JUDGMENT OF FEHA CLAIM.**

The main issue is whether California law applies on the Presidio. It is indisputable that a federal enclave is under the exclusive jurisdiction of federal law. U.S. Const., art. I, §8, cl. 17; *Paul v. United States*, 371 U.S. 245 (1963). "Laws subsequently enacted by the state are inapplicable in the federal enclave unless they come within a reservation of jurisdiction or are adopted by Congress." *Id*. at 268. Under the 1897 California Act that conferred jurisdiction of the Presidio to the federal government, the only jurisdiction that California reserved was the right to serve and execute civil process and criminal process for crimes committed off the land. Cal. Stat. 1897, c.56, p. 51. Outside of these reservations, claims due to acts that took place on a federal enclave are under exclusive federal law jurisdiction. This includes any state law

1  discrimination claim against a private company. *See Taylor v. Lockheed Martin Corp.*,
2  92 Cal. Rptr. 2d 873 (Cal. Ct. App. 2000) (employee was barred from bringing state law
3  discrimination claim against Lockheed — a private company contracted to work on the federal
4  enclave — when all acts took place on the enclave); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d
5  1138 (S.D. Cal. 2007) (employee was barred from bringing state law discrimination claim against
6  Southern California Edison — a private company contracted to work on the enclave — when all
7  acts took place on the enclave). Plaintiff admits in his declaration that all acts of discrimination
8  took place while he worked at the Presidio but asserts that because he was contractually obligated
9  to work in other locations and that defendant maintained operations outside the enclave, his claim
10 should go forward under California law (Rosseter Decl. ¶ 2).

11 In determining whether a claim arises on a federal enclave, other district courts have
12 simply looked to see where all the "pertinent events" took place. *See Stiefel v. Bechtel Corp.*,
13 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007); *Snow v. Bechtel Construction Inc.*, 647 F. Supp.
14 1514, 1521 (S.D. Cal. 2007). The California Court of Appeals has held that the plaintiff must
15 bring sufficient evidence to show a triable issue of fact that his cause of action took place outside
16 the enclave. *Taylor v. Lockheed Martin Corp.*, 92 Cal. Rptr. 2d 873, 877–879 (Cal. Ct. App.
17 2000) (the plaintiff had never worked off the enclave, the decision to discipline and then fire him
18 was executed on the enclave, and no evidence was brought to show his cause of action was not
19 governed by the federal enclave doctrine).

20 Under these holdings, even with the evidence construed in the light most favorable to
21 plaintiff, the motion for summary judgment must be granted. Defendant claims that a private
22 company is immune from state employment laws by the mere fact of their location within a
23 federal enclave. The Court finds this to be a remarkable, possibly dubious, proposition. But as
24 noted, there is case law generally supportive of this argument. More importantly, plaintiff
25 concedes that the federal-enclave doctrine applies to private companies in the Presidio and to
26 claims like his, so the Court takes plaintiff at his word. Plaintiff also admits in his own
27 declaration that all alleged acts of discrimination took place at defendant's Presidio location
28 (Rosseter Decl. ¶ 2). Plaintiff's argument that he was legally obligated to work in any location

1  does not subtract from the fact all pertinent events took place in the Presidio.  The fact that
2  defendant maintains operations outside the enclave is also not pertinent in establishing the
3  location of the events that constitute discrimination.  Plaintiff's alternative argument that
4  defendant should be excepted from the federal-enclave doctrine due to the actions defendant
5  took that gave the appearance to employees on the enclave that California law applied is without
6  any citation to authority.  There is no genuine issue of material fact as to whether FEHA applies.
7  This Court does not rule on the merits of plaintiff's FEHA claim; it rules only that state law does
8  not apply merely due to the geography of the defendant's alleged acts.  With some misgivings
9  that the law has developed or should have developed as conceded by plaintiff, the motion for
10 summary judgment on the claim relating to plaintiff's FEHA claim is **GRANTED**.

### 2. MOTION TO DISMISS ADEA CLAIM.

In order to have a claim under ADEA, plaintiff must plead in his complaint that he is over forty, that he is qualified for the position in question, that he suffered an adverse employment decision, and that he was replaced by a sufficiently younger person to create an inference of age discrimination.  29 U.S.C. 621–634;  *see Mundy v. Household Finance Corp.*, 885 F.2d 542, 545 (9th Cir. 1989).  These requirements are met, as plaintiff pleads that he was 57 years old when he was terminated, that he was satisfactorily performing his job, and that his work was completed instead by significantly younger persons (Compl. ¶¶ 7–13).

In addition, plaintiff must exhaust all administrative remedies to bring a claim under ADEA.  29 U.S.C. 626(d). To exhaust all administrative remedies under ADEA, plaintiff must file an administrative charge with the Equal Employment Opportunity Commission within 180 days of when the alleged unlawful practice occurred.  *Ibid*.  Plaintiff argues that a 300-day period applies where the jurisdiction has a state or local fair employment practices agency.  *Ibid*. This argument is unavailing as the 180-day time limit is not extended if the state FEP agency — here, the California Department of Fair Employment and Housing — does not have subject matter jurisdiction over a charge.  *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1082 (9th Cir. 2006); *see also* 29 C.F.R. 1601.13(a)(2) ("A jurisdiction having a FEP agency without subject matter jurisdiction over a charge . . . is equivalent to a jurisdiction having no FEP agency").

4

As determined above, federal law, not California law, apparently controls the employment practices of entities located in the Presidio. Plaintiff filed his claim with the EEOC on May 1, 2007 (Compl. ¶ 16). This was 259 days from the time plaintiff was terminated from his position with defendant. Thus, plaintiff failed to plead facts in the complaint upon which relief can be granted. The motion to dismiss is **GRANTED**.

## CONCLUSION

For the foregoing reasons, this order **GRANTS** defendant's motion for summary judgment of plaintiff's claim under FEHA, and **GRANTS** defendant's motion to dismiss plaintiff's claim under ADEA. Plaintiff may move for leave to amend his claim under ADEA within **TWENTY CALENDAR DAYS** of the date of entry of this order. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiff must plead his best case. Failing such a motion, plaintiff's inadequately pled ADEA claim will be dismissed with prejudice, in which case no claims presented by plaintiff in his complaint will remain.

**IT IS SO ORDERED.**

Dated: January 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE