IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROSSETER, | |
| Plaintiff, | No. C 08-04545 WHA |
| v. | |
| INDUSTRIAL LIGHT & MAGIC, a division of LUCASFILM ENTERTAINMENT COMPANY, LTD., a California corporation, and DOES 1 through 20, inclusive, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| Defendants. / | |

**INTRODUCTION**

In this employment action for age discrimination under the California Fair Employment and Housing Act and the federal Age Discrimination and Employment Act, plaintiff Thomas Rosseter moves for leave to file an amended complaint to allege facts sufficient to state a federal employment discrimination claim. As plaintiff's proposed amended pleading cures the previous defects regarding the federal claim, the motion is **GRANTED**.

**STATEMENT**

Plaintiff filed a complaint against defendant Industrial Light & Magic on September 29, 2008, alleging age discrimination under the California FEHA and the federal ADEA. On November 10, 2008, defendant filed a motion to dismiss all claims or, in the alternative, for summary judgment. The Court granted summary judgment regarding the California FEHA

claim, as state law does not apply due to defendant's location on the Presidio. The Court also granted the motion to dismiss the federal ADEA claim as the complaint failed to plead facts showing that the complaint was filed within the 180-day limitations period. The motion to dismiss was granted but stated that plaintiff could move for leave to amend his claim under the ADEA.

**ANALYSIS**

In order to have a claim under the ADEA, plaintiff must plead in his complaint that he is over forty, that he is qualified for the position in question, that he suffered an adverse employment decision, and that he was replaced by a sufficiently younger person to create an inference of age discrimination. 29 U.S.C. 621–634; *see Mundy v. Household Finance Corp.*, 885 F.2d 542, 545 (9th Cir. 1989). These requirements were met in the original complaint, as plaintiff pled that he was 57 years old when he was terminated, that he was satisfactorily performing his job, and that his work was completed instead by significantly younger persons (Compl. ¶¶ 7–13). These facts are also in the proposed amended complaint.

In addition, plaintiff must plead that he has exhausted all administrative remedies in order to bring a claim under the ADEA. 29 U.S.C. 626(d). To exhaust all administrative remedies under the ADEA, plaintiff must allege that he filed an administrative charge with the Equal Employment Opportunity Commission within 180 days of when the alleged unlawful practice occurred. *Ibid*. Plaintiff argued in his opposition brief that a 300-day period applies where the jurisdiction has a state or local fair employment practices agency. The prior order found this argument unavailing, inasmuch as the 180-day time limit is not extended where, as here, the state FEP agency does not have subject-matter jurisdiction over a charge. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1082 (9th Cir. 2006); *see also* 29 C.F.R. 1601.13(a)(2). The order held that federal law, not California law, controlled the employment practices of entities located in the Presidio. Plaintiff filed his claim with the EEOC on May 1, 2007 (Compl. ¶ 16). This was 259 days after the termination, obviously more than 180 days.

Plaintiff seeks to cure this defect by pleading that equitable tolling applies to his ADEA claim and, thus, the 180-day statute of limitations would not bar his action. In the Ninth Circuit, equitable tolling for an ADEA complaint is appropriate when a plaintiff:

> (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time.

*Josephs v. Pacific Bell*, 443 F. 3d 1050, 1061 (9th Cir. 2006).

Plaintiff's proposed amended complaint properly pleads equitable tolling under these factors. In his proposed amended complaint, plaintiff alleges that he contacted the proper agency in a reasonable period of time, was misinformed by that agency as to the proper deadlines, that he relied on those deadlines, and that he was acting without an attorney at the time.

Defendant's argument against the sufficiency of the proposed pleading rests entirely on the earlier order granting the motion to dismiss. Defendant simply argues that the order held that the 180-day statute of limitations applies and, thus, the ADEA claim is time-barred. In the order granting the motion to dismiss plaintiff's ADEA claim, however, the Court never reached the determination of whether equitable tolling might avoid the statute of limitations. While plaintiff's opposition to the motion to dismiss mentioned equitable tolling, the order held that the *original complaint* was devoid of any facts saving the ADEA claim from being time barred. The proposed amended complaint contains precisely such facts. It pleads an ADEA claim as well as equitable tolling that prevents it from being time-barred by the 180-day limitations period. All, of course, are subject to proof at trial or on summary judgment.

**CONCLUSION**

Inasmuch, the motion properly explains how the proposed amended complaint is viable, and thus the motion for leave to file an amended complaint is **GRANTED**.  The answer is due within **TWENTY CALENDAR DAYS** from the date of this order, which is April 9, 2009.

**IT IS SO ORDERED.**

Dated:  March 20, 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4