United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS ROSSETER,

    Plaintiff,

v.

INDUSTRIAL LIGHT & MAGIC, a division of LUCASFILM ENTERTAINMENT COMPANY, LTD., a California corporation, and DOES 1 through 20, inclusive,

    Defendants.

No. C 08-04545 WHA

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this employment action for age discrimination under the Age Discrimination and Employment Act, defendant Industrial Light & Magic moves for dismissal of plaintiff's ADEA claim or, in the alternative, for summary judgment. This is defendant's third attack on plaintiff's pleadings. As plaintiff has properly pled a claim under the ADEA, and material issues of fact remain, defendant's motion is **DENIED**. Having determined that oral argument is not necessary, the hearing on this motion scheduled for June 4, 2009, is hereby **VACATED**.

## STATEMENT

Plaintiff filed a complaint against defendant Industrial Light & Magic on September 29, 2008, alleging age discrimination under the California Fair Housing and Employment Act and the federal ADEA. On November 10, 2008, defendant filed a motion to dismiss all claims or,

in the alternative, for summary judgment.  An order granted summary judgment regarding the California FEHA claim, as state law did not apply due to defendant's location in the Presidio. The order also granted the motion to dismiss the federal ADEA claim as the complaint failed to plead facts showing that the complaint was filed within the 180-day limitations period. The motion to dismiss was granted but stated that plaintiff could move for leave to amend his claim under the ADEA.

Plaintiff moved for leave to file an amended complaint on February 6, 2009, which defendant opposed.  An order dated March 20, 2009, held that the proposed amended complaint was sufficient to bring an ADEA claim and, in particular, that it properly alleged sufficient facts to plead equitable tolling.  It alleged that plaintiff was not given work for months, but that plaintiff believed the slow down was a temporary problem.  Upon being fired, plaintiff contacted the Equal Employment Opportunity Commission.  The exact specifics of the phone call are not stated in the amended complaint or any declaration, but plaintiff does allege that the EEOC representative informed him that he had 300 days to file his complaint.  Plaintiff filed his first amended complaint on March 23, 2009.  Defendant now moves to dismiss the amended complaint or, in the alternative, for summary judgment on plaintiff's ADEA claim.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. The Supreme Court has recently explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and alterations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*  Although materials outside of the pleadings should not be considered without converting the motion to dismiss to a motion for summary judgment, a district court may consider all materials properly submitted as part of the complaint, such as exhibits. *Hal Roach Studios v. Richard Feiner and Co., Inc.*, 896 F.2d 1542,1555 n.19 (9th Cir. 1990).

2

1    Defendant makes two new arguments in its motion as to why tolling is precluded, which
2    would lead to a dismissal or summary judgment of plaintiff's ADEA claim. *First*, it argues that
3    plaintiff did not exercise due diligence in pursuing his claim because plaintiff waited beyond the
4    180-day statutory deadline before contacting the EEOC. *Second*, it argues that plaintiff did not
5    exercise due diligence when he failed to provide all relevant information to the EEOC, thus
6    misleading them and causing the EEOC to provide the erroneous information that plaintiff
7    relied upon.

8    Regarding defendant's first argument, defendant relies on factual conclusions that make
9    dismissal of plaintiff's claim improper. Defendant's argument that plaintiff was not timely in
10   contacting the EEOC rests on defendant's underlying assertion that plaintiff's claim began to
11   accrue on some date before he was terminated on August 18, 2006. Defendant cites Supreme
12   Court precedent that states for statute of limitations issues in discrimination actions, "the proper
13   focus is on the time of the discriminatory act, not the point at which the consequences of the act
14   become painful. The fact of termination is not itself an illegal act." *Chardon v. Fernandez*,
15   454 U.S. 6, 8 (1982) (citations and alterations omitted). It is true that the act of terminating an
16   individual is not necessarily the point at which a discrimination action accrues. *Chardon* held
17   that the plaintiffs' claim arose when they received letters informing them that each would be
18   terminated at a specific date in the near future. Defendant asserts that the situation here is
19   similar, by arguing that plaintiff Rosseter was put on notice that he would be terminated
20   because he was constantly told there was no work available for him.

21   These situations are different. In *Chardon*, there was a clear-cut discriminatory act —
22   the letters informing plaintiffs of their impending termination — that preceded the actual date
23   of termination. Here, we have no letter, just a "lack of work." Drawing all reasonable
24   inferences in favor of plaintiff, it is impossible to state as a matter of law that plaintiff knew or
25   should have known of the discriminatory acts at any point before the termination on August 18.
26   In his complaint, plaintiff states sufficient facts showing that he was led to believe that the "lack
27   of work" was a temporary condition and that he consistently expected to return to work with
28   Industrial Light & Magic.

3

As a corollary to this argument, defendant asserts — but solely in its reply brief — that plaintiff has not presented any evidence of when the phone call with the EEOC took place, but has only provided "guesstimates" in his declaration. The declaration at issue is one that plaintiff set forth in opposition to defendant's first motion to dismiss, which was granted with leave to amend, and plaintiff later added those facts to his first amended complaint. Nevertheless, whether plaintiff has provided any evidence is not an issue for a motion to dismiss, but rather for summary judgment. Defendant's argument regarding the "timing" of the phone call is unavailing at this early stage. Plaintiff does not specifically state when he became aware of the discriminatory act, but drawing all reasonable inferences in favor of plaintiff, it could be determined that he became aware of his claim on the date he was fired, which was August 18, 2006. If this were the case, plaintiff would have had until mid-February 2007 to contact the EEOC. He alleges in his amended complaint (and the declaration) that he contacted the EEOC in January or early February 2007. Based on this, a jury could determine that the phone call took place before mid-February, and thus a genuine issue of material fact remains, and granting defendant's motion on this ground is improper.

As to defendant's argument regarding the "sufficiency" of plaintiff's evidence regarding the phone call, the Ninth Circuit has held that asserted dates in a declaration unsupported by evidence are conclusory and not sufficient to prevent summary judgment. *Hernandez v. Spacelabs Medical Inc*., 343 F.3d 1107 (9th Cir. 2003). Plaintiff, however, has never been given the opportunity to respond to this argument, as it was only made in defendant's reply brief. In addition, this order finds that it would be unfair to grant summary judgment on this issue when discovery has barely commenced. Plaintiff only filed his amended complaint asserting these facts a few weeks before the present motion was filed, and plaintiff should be afforded due opportunity to obtain the evidence necessary to litigate this case. Contrary to defendant's assertions, the exact date of the phone call is not necessarily expected to be in plaintiff's personal knowledge. Plaintiff should be given due opportunity to obtain the two-year old phone records and perhaps any other relevant information from the EEOC. Should plaintiff

4

fail to provide sufficient evidence such that a reasonable jury would have no evidentiary basis to find in his favor for this issue, summary judgment may be appropriate, but not at this point.[1]

Regarding defendant's second argument — also made solely in its reply brief — defendant cites two authorities in support of its argument that plaintiff knew he was subject to federal law and failed to provide the EEOC with this information, thus misleading the EEOC. In *Huseman v. Icicle Seafoods, Inc.* 471 F.3d 1116 (9th Cir. 2006), the Ninth Circuit precluded equitable estoppel when the plaintiff was given pamphlets informing him that special rules applied to his employment, particularly that he had various federal rights. The plaintiff did not timely bring his federal claims, and the court denied any tolling arguments because he was aware his federal claims existed. In *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir. 1997), the Ninth Circuit precluded tolling where the plaintiff did not provide the EEOC with a proper address, thus preventing the EEOC from providing a "right to sue" letter in time to litigate her claim. Again, this argument is one for summary judgment on a full record, as based on the pleadings alone the complaint is sufficient to allege equitable tolling.[2]

Regarding the *Huseman* decision, this order finds the reasoning irrelevant in showing that plaintiff was not diligent here. Defendant argues that this case is similar to *Huseman* because here plaintiff also knew that special rules applied to his employment in the Presidio, due to the fact that plaintiff signed an Acknowledgment of Employee Handbook which stated as much. But the question of whether plaintiff "knew" that only federal law applied to his employment when he contacted the EEOC is only partly relevant, if at all. Even assuming

---

[1] Defendant also argues that, at the latest, plaintiff became aware of his claim one week before his termination when he alleges that, within one week prior to the termination date, he "concluded that ILM was not actually giving me a temporary leave of absence . . . , but appeared to have no intention of returning me to active work in the immediate future" (Rosseter Decl. ¶ 12). Even assuming plaintiff discovered the discriminatory act on August 11, 2006, the earliest date possible in this scenario, that would still make any phone call before February 7, 2007, timely. A phone call in "early February" could still be reasonably interpreted to have occurred before that date, at least for purposes for a motion to dismiss.

[2] Defendant repeatedly argues that equitable tolling is only available in "extraordinary circumstances." The Ninth Circuit has specifically defined what circumstances allow equitable tolling in regards to misleading information from the EEOC, and that is in the *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006), decision cited in the earlier order. Defendant's attempt to distract the Court from the proper standard with strong but generalized language from another case is improper, particularly as defendant does not argue that the *Josephs* standard is not the proper standard. Simply put, plaintiff meets the *Josephs* factors in his complaint.

5

plaintiff knew that he was subject only to federal employment law while located in the Presidio, it does not change the outcome of the main question, which is whether he was diligent in bringing it to the EEOC and whether they misled him.

The *Nelmida* decision is relevant, however, as it provides an example of how a plaintiff can fail to be diligent. In that decision, the court denied equitable tolling because the plaintiff gave the EEOC the wrong address. Had the plaintiff provided the correct address, she would have received the "right to sue" letter in time and her suit would have been timely. This is clearly an example of failing to exercise due diligence in bringing a claim. Here, just as in the *Nelmida* decision, had plaintiff told the EEOC that only federal law applied to his claim it likely would have changed the result of his interaction with the EEOC. But, again, even assuming plaintiff knew his claim was governed by federal law, it is impossible to conclude that plaintiff misled the EEOC as defendant argues based on the current record. In fact, it is impossible to conclude much of anything about what was said during the conversation, other than that plaintiff asked about deadlines and the EEOC told him he had 300 days. To read into the record that plaintiff *did not* discuss with the EEOC that he was only subject to federal law would be an improper inference. This order makes no finding as to whether failing to inform the EEOC of the applicability of federal law to a claim is or is not failing to exercise due diligence. This order only finds that even if it were, that conclusion is unsupported by the record at this point.

**CONCLUSION**

For the reasons stated above, defendant's motion is **DENIED**. Considering this has been defendant's third attack on plaintiff's pleadings, no further motions to dismiss shall be heard. In addition, no further motions for summary judgment on the issues above shall be submitted

6

until all fact discovery has taken place. The hearing scheduled for June 4, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 1, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE